(74 App. Div. 327.)

## ·LIGOURI v. HUTKOFF et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. NOTICE OF TRIAL—STRIKING CASE FROM CALENDAR.

In an action to foreclose a mechanic's lien, plaintiff and defendant on the same day each noticed the case for trial. When the case came for trial, May 13th, it was not in a condition to be heard, because all the defendants had not been served, and plaintiff's counsel moved therefore to strike the case from the calendar, or that it be set down for a subsequent month. The motion was denied on condition that the other defendants answer by May 23d, in which event plaintiff's attorney was to have leave to serve an amended complaint. *Held*, that the motion to strike was too late, and the relief given was all plaintiff was entitled to.

Appeal from special term, New York county.

Action by Mattie Ligouri against Nathan Hutkoff and others. From an order denying a motion to strike the case from the calendar, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

· Gustavus A. Rogers, for appellant.
Frederic E. Perham, for respondents.

INGRAHAM, J. The pleadings are not a part of the record, but from the affidavit upon which the application was made it appears that the action was brought to foreclose a mechanic's lien. The summons and complaint were served upon the defendant Hutkoff, who appeared and answered, and noticed the case for trial at the January special term. The plaintiff on the same day served a notice of trial for the same term, and a note of issue was filed by the defendants. No motion was made to strike the case from the calendar, and on the 10th day of May the case appeared upon the call calendar of the special term. The plaintiff's attorney then for the first time called the attention of the court to the fact that all the defendants had not been served, and asked that the case be stricken from the calendar. The judge calling the calendar set the case down for trial for the 13th day of May, and directed that the motion to strike the case from the calendar be then heard before the judge before whom the case was sent for trial. Upon the case being called for trial, the foregoing facts appearing by affidavit, the plaintiff's attorney asked that the case be stricken from the calendar, or set down for a subsequent month, to enable the plaintiff's attorney to move to amend the complaint so that he could try the case for the protection of his lien upon the plaintiff's cause of action. The counsel for the defendant Hutkoff objected, stating that he represented all of the other defendants, was willing to appear for them and answer, and that the plaintiff had deliberately refused to serve the other defendants, so as to prevent this defendant from getting rid of a lis pendens filed in this action, and thus relieve his property from the incumbrance created by it; and stipulated that the plaintiff or the plaintiff's attorney could amend his complaint

in any particular by alleging any further facts that he might deem necessary to the enforcement and prosecution of his said lien, and that the attorney for the defendants would answer the same in behalf of all the defendants within two days from the service of a copy thereof, and would proceed with the trial of the action immediately; and that, in case the plaintiff's attorney desired to prosecute the action for his own benefit and for the enforcement of his lien for services, he might do so without any order obtained for that purpose, and with the same force and effect as though such order had been obtained; and that he would produce the plaintiff upon the trial of the action for examination. No answer was made to this offer by the plaintiff's attorney, but on the 23d day of May, when the case was again called for trial, this motion to strike the case from the calendar was heard, and was denied upon condition that there be filed on or before the 23d day of May, 1902, with the clerk, a notice of appearance on behalf of the defendants other than the defendant Hutkoff, together with a waiver on their behalf of notice of all proceedings theretofore had in this action; that in that event the plaintiff's attorney should have leave to continue to prosecute the action for his own benefit; that he have leave to serve an amended complaint setting forth any and all allegations that he might deem necessary to the enforcement and prosecution · of his lien; that the amended complaint be served on or before the 24th day of May, 1902, and that the defendants might have to and including May 27, 1902, to answer the same; and that upon such amended complaint and answer thereto this cause should proceed to trial on the first Monday of June, 1902, to which date the same was adjourned. We think the motion to strike the case from the calendar was too late. The notice of trial for the January special term was notice to the plaintiff's attorney that the defendant would bring on the case for trial at the January term of the court, and a note of issue was filed for that term, and the case then appeared upon the calendar. Instead of returning this notice of trial to the defendants' attorney, or moving to strike the case from the calendar at the January term, as required by rule 8 of the special term rules for this department, the plaintiff's attorney himself noticed the case for trial, and thereby waived his right to have the case stricken from the calendar. If plaintiff's attorney had promptly moved to strike the case from the calendar, the defendants could have moved to dismiss the case for a failure to prosecute, but he could rely on the action of the plaintiff as a waiver of his right to move to strike the case from the calendar. When, however, the case came on for trial, it was not in a condition to be tried, as the other defendants had not been served, and were not before the court. The court did not direct that the case be tried before the other defendants were before the court. The case was put over until the first Monday of June upon the other defendants appearing in the action and stipulating to interpose an answer, so that the case could be tried at that time; and the privilege given to the plaintiff's attorney of serving an amended complaint which would present his right to try the case for the enforcement of his lien was all the relief to which the

plaintiff, under the circumstances, was then entitled. We think, under these circumstances, that there was no error in denying the motion to strike the case from the calendar.

The order appealed from should, therefore, be affirmed, with $10 costs and disbursements. All concur.

